UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SHANNON R. HAMILTON,

    Plaintiff,

v.                                                 Case No. 5:17cv180-MCR-CJK

STATE OF FLORIDA, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's amended complaint (doc. 3), filed pursuant to 42 U.S.C. § 1983.[1] Upon review of the amended complaint, it is clear the facts as presented fail to support a viable claim for relief. Furthermore, for the reasons set forth below, plaintiff cannot cure the deficiencies by filing an amended complaint. *See Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend.") (quotation omitted). The undersigned thus recommends the matter be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim on which relief may be granted.

---

[1] Plaintiff is proceeding *pro se* and *in forma pauperis*.

Plaintiff has sued a number of defendants, asserting claims stemming from his alleged unlawful arrest and detainment on December 28, 1998. Plaintiff claims to have discovered the illegality of the arrest and detainment in conjunction with the appeal of a 2010 conviction, for which he currently is incarcerated. Plaintiff's claims plainly are time-barred and should be dismissed.

Because plaintiff is proceeding *in forma pauperis*, the court must dismiss his complaint if it determines that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Dismissals for failure to state a claim are governed by the same standard as FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the

motion to dismiss standard and dismissing plaintiffs' case for failure to state a claim because plaintiffs had "not nudged their claims across the line from conceivable to plausible").

"Claims brought pursuant to 42 U.S.C. § 1983 are subject to the statute of limitations period governing personal injury actions in the state where the action is brought." *Wellons v. Comm'r, Ga. Dep't of Corr.*, 754 F.3d 1260, 1263 (11th Cir. 2014) (*citing Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008)). The Eleventh Circuit has "held that the four-year statute of limitations under Fla. Stat. § 95.11(3) applies to § 1983 claims arising in Florida." *Ellison v. Lester*, 275 F. App'x 900, 901-902 (11th Cir. 2008) (*citing Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)). Because plaintiff initiated this action on July 11, 2017—15 years after the 4-year statute of limitations expired—his claims are barred.[2] Plaintiff thus has failed to allege facts showing he is entitled to relief, or that, on these facts, he could cure the deficiency by amendment. The action, therefore, should be dismissed. *See AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982) (noting "a statute of limitations defense may be

---

[2] It bears noting that plaintiff states in his amended complaint that he requested the documents from which he learned of the alleged illegality of his arrest and detention "between the months of August-September of 2011." Doc. 3 at p. 6. He then indicates he received the requested documents during the same time frame. *See* doc. 3 at p. 7. Hence, even if the statute of limitations were to have commenced running upon plaintiff's discovery of the alleged unlawful arrest and detainer, his claims are time-barred.

Case No. 5:17cv180-MCR-CJK

raised on a motion to dismiss for failure to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6)").

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITH PREJUDICE for plaintiff's failure to state a claim upon which relief can be granted.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 12th day of September, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**